## USHER *v.* SEABOARD AIR-LINE RAILWAY.

Where an employee executed a written order drawn on his employer in
favor of a payee therein named, directing the employer out of his future
wages to pay certain sums monthly to the payee until the full amount
specified in the order shall have been paid, and the employer is after-
wards sued by the employee in a justice's court for the full amount of
wages earned, the written order is not available to the employer as a
set-off or as a defense against plaintiff's demand, where it is not affirm-
atively shown that the order was accepted in writing, or that it has in
fact been paid.

The amount of wages earned by the plaintiff was not disputed by the de-
fendant, and there was no evidence to support the defense. The verdict
for the plaintiff for the full amount sued for was therefore demanded,
and the court, upon the petition for certiorari, erred in disturbing the
verdict.

Submitted March 2,—Decided July 5, 1906.

Certiorari. Before Judge Littlejohn. Stewart superior court.
May 16, 1905.

The plaintiff instituted suit in a justice's court on an open ac-
count against the defendant railway company for the sum of $52,
which he claimed was earned by him as wages while in the em-
ployment of said company. Upon the trial before the justice
and a jury, the plaintiff proved the debt and rested his case. The
defendant, to establish a set-off of $30, introduced in evidence an
order signed by the plaintiff and addressed to the paymaster of the
defendant company, directing him to make payments, upon certain
conditions, to a third party to the amount of $30, and to deduct
such payments from the wages due the plaintiff. The record con-
tains no evidence of any acceptance of this order by the defendant
company, raising a liability upon its part, or of an indorsement of
the order by the payee, or any payment made thereunder. No
further evidence being introduced, the case was submitted to the
jury, and a verdict returned in favor of the plaintiff for the full
amount sued for, thereby finding against the plea of set-off. The
defendant applied for a writ of certiorari upon the grounds that
the verdict and judgment were contrary to law and evidence; and
it is to the order of the judge of the superior court, sustaining the
writ of certiorari and remanding the case for a new trial in the
magistrate's court, that the plaintiff now excepts.

*G. Y. Harrell* and *B. F. Harrell,* for plaintiff.

*E. A. Hawkins* and *E. T. Hickey,* for defendant.

ATKINSON, J. The exception to the ruling granting the petition for certiorari is well taken, for the defendant's evidence was insufficient to establish a claim against the plaintiff in any sum whatever, or a defense to plaintiff's demand. There was no course open to the jury except to find a verdict for the plaintiff for the entire sum claimed. The evidence is undisputed that the plaintiff had earned the sum of $52 for daily wages, and that the money was due and unpaid by the defendant. There is no excuse offered for refusal to pay, except that the plaintiff had given a written order to a publishing concern, directing that a certain sum be deducted from his future wages each month and applied to the payment of the order until the same should have become satisfied. It was attempted by the defendant to reduce the sum sought to be recovered by the amount of the order. It was not shown that the defendant had acquired ownership of the order, nor was it shown that the defendant had paid out any money on or had accepted the order. We are therefore unable to see that the defendant has any such interest in the order as to render it available to him as a defense in this case. The plaintiff is not in any sense liable to the defendant on the order. It follows that the jury properly found against the defense, and that the evidence demanded a verdict for the plaintiff for the full amount claimed in his suit. The court, upon the hearing of the petition for certiorari, erred in disturbing the verdict.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*